IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2017 JAN 26  AM 9: 36

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| ALLEN SHANE LOTT, | § | |
| Reg. No. 71160-280, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-16-CV-514-DCG |
| | § | |
| J.S. WILLIS, Warden, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

    Allen Shane Lott, a federal prisoner at the La Tuna Federal Correctional Institution in

Anthony, Texas,[1] challenges his sentence through a *pro se* petition for a writ of habeas corpus

under 28 U.S.C. § 2241.   Relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), Lott asserts

that his prior state-court conviction for delivery of a controlled substance, in violation of Texas

Health and Safety Code § 481.112(a), does not qualify as a predicate offense for an enhancement

as a career offender under Sentencing Guidelines § 4B1.1 and § 4B1.2.[2]   He asks the Court to

grant him an evidentiary hearing, resentence him, and give him any other relief that justice may

require.[3]   After reviewing the record and for the reasons discussed below, the Court will, on its

own motion, deny Lott's petition, pursuant to 28 U.S.C. § 2243.[4]

---

    [1] Anthony is located in El Paso County, Texas, which is within the territorial confines of
the Western District of Texas, El Paso Division.   28 U.S.C. § 124(d)(3) (2012).

    [2] Pet'r's Pet. 7, Dec. 19, 2016, ECF No. 1.

    [3] *Id.* at 8.

    [4] *See* 28 U.S.C. § 2243 (2012) ("A court ... entertaining an application for a writ of habeas
corpus shall forthwith award the writ or issue an order directing the respondent to show cause why
the writ should not be granted, unless it appears from the application that the applicant or person
detained is not entitled thereto.").

-1-

## BACKGROUND AND PROCEDURAL HISTORY

Lott was indicated by grand jury in the Western District of Texas, Midland Division, for

conspiring to possess with the intent to distribute "crack" cocaine ("count one"), distributing

"crack" cocaine ("count two"), possessing with the intent to distribute "crack" cocaine ("count

three"), and aiding and abetting in intentionally distributing "crack" cocaine ("count four").   His

counsel successfully negotiated a plea agreement with the Government.[5]   Under its terms, Lott

agreed to plead guilty count one of the indictment and waive his "right to seek collateral relief in

post-conviction proceedings ..."[6]   In exchange, the Government agreed to move to dismiss the

remaining counts of the indictment.[7]   Lott was sentenced as a career offender to 151 months'

imprisonment.[8]   He did not appeal.

Lott filed a collateral attack on his sentence, pursuant to 28 U.S.C. § 2255, alleging that the

Court erred when it enhanced his sentence under Sentencing Guidelines § 4B1.1[9] and § 4B1.2,[10]

---

[5] Plea Agreement, *United States v. Lott*, 7:11-CR-19-RAJ (W.D. Tex.), Feb. 25, 2011, ECF No. 41.

[6] *Id.* at 3.

[7] *Id.*

[8] J., *United States v. Lott*, 7:11-CR-19-RAJ (W.D. Tex.), June 8, 2011, ECF No. 77.

[9] U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (U.S. SENTENCING COMM'N 2010) ("A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.").

[10] *Id.* § 4B1.2(b) ("The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit

based on his prior conviction for "delivery of a controlled substance,"[11] in violation of Texas

Health and Safety Code § 481.112(a).[12]   Relying on *Descamps v. United States*, 133 S. Ct. 2276

(2013), he argued that section 481.112(a) did not qualify as controlled substance offense because it

set forth various means of committing an offense, but did not establish separate offenses in the

disjunctive.[13]   Specifically, he maintained that because section 481.112(a) criminalized an offer

to sell, while the federal definition of a controlled substance offense did not include such an

offense, the state delivery of a controlled substance offense was broader than the Guidelines'

definition of a "controlled substance offense," and could not be used to enhance his sentence.   The

Court denied the motion without reaching the merits of the claim, reasoning Lott's motion was

time barred.[14]

In a second section 2255 motion, Lott again challenged his sentence as a career offender

under Sentencing Guidelines § 4B1.1 and § 4B1.2.[15]   This time relying on *Johnson v. United*

---

substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.").

[11] First Mot. to Vacate 4, *United States v. Lott*, 7:11-CR-19-RAJ (W.D. Tex.), June 25, 2014, ECF No. 89.

[12] Tex. Health & Safety Code Ann. § 481.112(a) (West) ("Except as authorized by this chapter, a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance ..."); Tex. Health & Safety Code Ann. § 481.002(8) (West) ("'Deliver' means to transfer, actually or constructively, to another a controlled substance, counterfeit substance, or drug paraphernalia, regardless of whether there is an agency relationship. *The term includes offering to sell a controlled substance, counterfeit substance, or drug paraphernalia.*") (emphasis added).

[13] First Mot. to Vacate 4.

[14] Order, *United States v. Lott*, 7:11-CR-19-RAJ (W.D. Tex.), July 16, 2014, ECF No. 91.

[15] Second Mot. to Vacate 4, *United States v. Lott*, 7:11-CR-19-RAJ (W.D. Tex.), June 27,

*States*, 135 S.Ct. 2551 (2015), he claimed that his prior conviction for burglary of a habitation in a Texas state court only qualified as a "crime of violence" under the unconstitutionally vague "residual clause" of the career offender guideline.[16]   The Court stayed the proceedings pending an authorization from the Fifth Circuit Court of Appeals to file a second § 2255 motion.[17]   The Fifth Circuit subsequently denied Lott's motion for leave to file a successive section 2255 motion, reasoning that it was foreclosed by *In re Arnick*, 826 F.3d 787, 788 (5th Cir. 2016).[18]

In his instant section 2241 petition, Lott argues that *Mathis v. United States*, 136 S. Ct. 2243 (2016), "invalidated [his] prior Texas delivery conviction from qualifying as a 4B1.1 predicate."[19]   He asks the Court to resentence him without the career offender enhancement.[20]

---

2016, ECF No. 110.

[16] *Id.   See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a) (U.S. SENTENCING COMM'N 2010) ("The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.").

[17] Order Granting Mot. for Stay, *United States v. Lott*, 7:11-CR-19-RAJ (W.D. Tex.), July 5, 2016, ECF No. 115.

[18] *In re Allen Shane Lott*, No. 16-50794 (5th Cir. Aug. 16, 2016).   *See In re Arnick*, 826 F.3d 787, 788 (5th Cir. 2016) ("*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review.   *Welch v. United States*, — – U.S. ——, 136 S.Ct. 1257, 1264–65, —— L.Ed.2d —— (2016).   However, *Johnson* did not address Section 4B1.2(a)(2) of the Guidelines.   *See Johnson*, 135 S.Ct. at 2555–57.   Nor has the Supreme Court held that a Guidelines enhancement that increases the Guidelines range implicates the same due process concerns as a statute that increases a statutory penalty.   *See United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990); *see also United States v. Wilson*, 622 Fed.Appx. 393, 405 n. 51 (5th Cir. 2015), *cert. denied*, —— U.S. ——, 136 S.Ct. 992, 194 L.Ed.2d 13 (2016).").

[19] Pet'r's Mem. in Supp. 5, Dec. 19, 2016, ECF No. 2.

[20] *Id.* at. 20.

## LEGAL STANDARD

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration."[21]   To prevail, a section 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[22]

Ordinarily, a federal prisoner may collaterally attack a sentence only through a motion pursuant to 28 U.S.C. § 2255.[23]   But under the "savings clause" of section 2255(e), he may file a section 2241 habeas petition if a section 2255 motion is "inadequate or ineffective to test the legality of his detention."[24]   Section 2255 is "inadequate or ineffective" if:

> (1) the [§ 2241] petition raises a claim "that is based on a retroactively applicable Supreme Court decision"; (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion"; and (3) that retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense."[25]

Section 2241 is not a mere substitute for section 2255, and "[t]he petitioner bears the burden of

---

[21] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[22] 28 U.S.C. § 2241(c)(3) (2012).

[23] *Kenemore v. Roy*, 690 F.3d 639, 640 (5th Cir. 2012).

[24] 28 U.S.C. § 2255(e) (2012).

[25] *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 895 (5th Cir. 2001)).

demonstrating that the section 2255 remedy is inadequate or ineffective."[26]

With these principles in mind, the Court turns to Lott's claim.

## ANALYSIS

Lott attacks the manner in which the Court determined his sentence in his section 2241 petition by challenging the enhancement for his prior delivery-of-a-controlled-substance conviction. Lott cites *Mathis v. United States*, to support his claim. He argues "*Mathis* applies retroactively ... in this instant proceeding because he is among a class of individuals in the Fifth Circuit that was prejudiced by the Fifth Circuits prior precedence that erroneously permitted sentencing courts to provide unlawful enhancements."[27]

*Mathis* is relevant to a determination as to whether a section 481.112(a) conviction represents "a controlled substance offense" under Sentencing Guideline § 4B1.1(a). In making this determination, a court will generally start with a "categorical approach"[28] and "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime—*i.e.,* the offense as commonly understood."[29]  The prior conviction will qualify as a Sentencing Guideline "predicate only if the statute's elements are the same as, or narrower than, those of the generic offense."[30]  Some criminal statutes, however, have multiple

---

[26] *Pack*, 218 F.3d at 452.

[27] Pet'r's Mem. in Supp. 15, Dec. 19, 2016, ECF No. 2.

[28] *United States v. Howell*, 838 F.3d 489, 494 (5th Cir. 2016).

[29] *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

[30] *Id.*

alternative elements and are "divisible."[31]   In these situations, a court may use a "modified categorical approach" and "examine 'a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of.'"[32]   The court will then apply the categorical approach and determine whether that precise crime matches an offense described in the Guidelines.[33]   Other criminal statutes may appear to be divisible, but are not.   An indivisible statute may list "various factual means of committing a single element," rather than providing alternative elements.[34]   If a statute under which a defendant was previously convicted is indivisible, a court may not use the modified categorical approach.

In *Mathis*, the Supreme Court held that a prior conviction could not qualify as a predicate offense under the enumerated-offense clause of the Armed Career Criminal Act if an indivisible element of the offense was broader than an element of the generic offense.[35]   It further held that Iowa's burglary statute—which defined "structure" as "any building, structure, [or] land, water, or air vehicle"—could not qualify as a predicate offense because it was both indivisible and overbroad, and, therefore, incapable of supporting an enhancement.[36]

In *United States v. Gonzales*, the Fifth Circuit Court of Appeals held that a conviction for

---

[31]   *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

[32]   *Id.*

[33]   *Id.*

[34]   *Id.*

[35]   *Id. at* 2251–52.

[36]   *Id.* at 2256–57.

*delivery* of a controlled substance under § 481.112(a) was not a drug trafficking offense under the Guidelines.[37]   Further, in *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016), the Fifth Circuit added that "[t]he decision in *Mathis* plainly and unmistakably leads to the conclusion that the definition of 'delivery' in section 481.002(8), as authoritatively interpreted by the Texas Court of Criminal Appeals, sets forth various means of committing an offense and does not set forth in the disjunctive separate offenses."[38]   The Fifth Circuit concluded it could not, therefore, support an enhancement:

> The "delivery" element of Hinkle's crime of conviction criminalizes a "greater swath of conduct than the elements of the relevant [Guidelines] offense." This "mismatch of elements" means that Hinkle's conviction for the knowing delivery of heroin is not a controlled substance offense under the Guidelines. That prior conviction cannot serve as a predicate offense under the Career Offender Guideline provision, which is § 4B1.1.[39]

Finally, in *United States v. Tanksley*, the Fifth Circuit held "[s]ection 481.112(a) is an indivisible statute to which the modified categorical approach does not apply."[40]   Moreover, the Court found "[s]ection 481.112(a) 'criminalizes a 'greater swath of conduct than the elements of the relevant [Guidelines] offense.'"[41]   Thus, the Fifth Circuit concluded that section 481.112(a)

---

[37] *United States v. Gonzales*, 484 F.3d 712, 716 (5th Cir. 2007) (per curiam).

[38] *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016) (citing *Lopez v. State*, 108 S.W.3d 293, 299 (Tex. Crim. App. 2003)).

[39] *Id.* at 576–77.

[40] *United States v. Tanksley*, No. 15-11078, 2017 WL 213835, at *3 (5th Cir. Jan. 18, 2017).

[41] *Id.* at *4 (quoting *Hinkle*, 832 F.3d at 576).

does not qualify as a "controlled substance offense under the Sentencing Guidelines."[42]

  *Mathis, Gonzalez, Hinkle,* and *Tanksley,* involve direct appeals of sentences. Lott makes a collateral attack on his sentence through a section 2241 petition. Lott may prevail only if he can meet the stringent test for the section 2255(e) "savings clause."[43] Section 2255(e) provides that a court may entertain a petition for writ of habeas corpus challenging a federal criminal sentence only if it concludes that filing a motion pursuant to section 2255 is inadequate to challenge a prisoner's detention.[44] A petitioner must satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at sentencing in a petition filed pursuant to section 2241:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[45]

  In general, "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."[46] The exception relevant here is for "watershed rules

---

[42] *Id.*

[43] *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000).

[44] *See* 28 U.S.C. 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*") (emphasis added).

[45] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

[46] *Tyler v. Cain*, 533 U.S. 656, 663 (2001).

of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."[47]   To fall within this exception, infringement of the rule must "seriously diminish the likelihood of obtaining an accurate conviction," and (2) the rule must "'alter our understanding of the bedrock procedural elements' essential to the fairness of a proceeding."[48]

The Supreme Court has not expressly held that *Mathias* applies retroactively to cases on collateral review.   The Supreme Court also has not suggested that *Mathias* announced a watershed rule of criminal procedure or that an infringement of the rule would seriously diminish the likelihood of an accurate conviction.   "Lott has failed to make a prima facie showing that *Mathis* … set[s] forth new rules of constitutional law that have been made retroactive to cases on collateral review."[49]

Furthermore, the Fifth Circuit decided *Gonzales*—which held that a conviction for delivery of a controlled substance under section 481.112(a) was not a "drug trafficking offense" for the purposes of the Guidelines—in 2007.[50]   This was well before the federal grand jury indicted Lott in the Western District of Texas for trafficking cocaine.   He could have raised his claim at trial, during an appeal, or in a timely section 2255 motion, but he failed to do so.

Additionally, the core idea of the "savings clause" in section 2255 "is that the petitioner

---

[47] *Graham v. Collins,* 506 U.S. 461, 478 (1993).

[48] *Sawyer v. Smith,* 497 U.S. 227, 242 (1990) (quoting *Teague v. Lane*, 489 U.S. 288, 311(1989)).

[49] *In re Andreco Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (citing § 2255(h)(2); § 2244(b)(3)(C); *Reyes-Requena v. United States*, 243 F.3d 893, 897–99 (5th Cir. 2001)).

[50] *United States v. Gonzales*, 484 F.3d 712, 716 (5th Cir. 2007) (per curiam).

may have been imprisoned for conduct which was not prohibited by law."[51]   Lott does not attack his conviction; he challenges his sentencing enhancement.   Thus, his challenge does not suggest that he was convicted of a nonexistent offense.[52]

Finally, Lott's counsel negotiated a plea agreement with the Government.[53]   Under its terms, Lott agreed to plead guilty count one of the indictment and waive his "right to seek collateral relief in post-conviction proceedings ..."[54]   In exchange, the Government agreed to move to dismiss the remaining counts of the indictment.[55]   A criminal defendant may waive the right to collateral review, so long as the waiver is knowing and voluntary.[56]   Lott does not now challenge the validity of the plea agreement or his guilty plea.   His claim is foreclosed by the waiver in the written plea agreement.

Lott has failed to meet his burden of showing that the section 2255 remedy is inadequate or ineffective to collaterally challenge his detention.   He is not entitled to section 2241 relief on his claim.

## CONCLUSION AND ORDERS

Since Lott's claim does not meet the stringent requirements of the "savings clause," the

---

[51] *Reyes-Requena*, 243 F.3d at 903.

[52] *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Reyes–Requena*, 243 F.3d at 904; *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000).

[53] Plea Agreement, *United States v. Lott*, 7:11-CR-19-RAJ (W.D. Tex.), Feb. 25, 2011, ECF No. 41.

[54] *Id*. at 3.

[55] *Id*.

[56] *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002).

Court will not allow him to proceed with a claim pursuant to section 2241.   The Court will, therefore, deny Lott's petition as frivolous.   To the extent that Lott's petition may be construed as a successive section 2255 motion, the Court will dismiss his cause for lack of jurisdiction[57] and deny him a certificate of appealability.[58]   Accordingly, the Court enters the following orders:

     **IT IS ORDERED** that Lott's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED** and his cause is **DISMISSED WITH PREJUDICE.**

     **IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT.**

     **IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

     **SO ORDERED**.

     **SIGNED** this _25th_ day of January, 2017.

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

---

[57] *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).

[58] *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

-12-